IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
SBRMCOA, LLC,                        )
                                     )
              Plaintiff,             )
                                     )    CIVIL NO. 2012-33
v.                                   )
                                     )
MERVIN SAKOWITZ, NERA SAKOWITZ,      )
DEPARTMENT OF THE TREASURY and       )
INTERNAL REVENUE SERVICE,            )
                                     )
              Defendants.            )
_____)
```

**ORDER**

Before the Court is plaintiff's motion for entry of default with respect to the United States of America (ECF 7) and its motion to strike (ECF 6) defendant United States of American's Answer and Counterclaim. Defendant opposes both motions.

Federal Rule of Civil Procedure 55 provides that default may be entered against a party who has failed to plead or otherwise defend, where such failure is shown by affidavit or otherwise. First, plaintiff has failed to show by any competent means that (1) defendant was served with the summons and complaint, and (2) that it has "failed to plead or otherwise defend," as required by Rule 55(a). Moreover, the Court notes that the action is in this Court by virtue of the Notice of Removal the United States of America filed on May 7, 2012 (ECF 1). The filing of this notice certainly demonstrates defendant's appearance in and intention to defend this matter. The motion for entry of default is without merit.

*SBRMCOA, LLC v. Sakowitz, et al.*
Civil No. 12-33
Page 2

Further, plaintiff seeks to strike the defendant's answer and counterclaim because (1) it was filed out of time without a request to do so, and (2) defendant allegedly failed to raise a "good faith colorable claim."  As to the second basis, plaintiff provides no authority for the proposition that at this stage, this Court should determine the merits of defendant's position before defendant may be allowed to respond to the complaint.  As the Court is not aware of any authority to support this contention, that argument fails.

With respect to the timeliness of defendant's pleading, the United States Court of Appeals for the Third Circuit has made it clear that it "does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"[1]  With that in mind, it would be a waste of judicial and the parties' resources to strike this pleading and wait for a motion regarding timing, all to arrive at the same result:  a finding that this case should proceed to a determination on the merits.  This

---

[1]   *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (citing *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Company, Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).  See also *United States v. Mulvenna*, 367 Fed. Appx. 348, 350 (3d Cir. 2010); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, National Hockey League, 427 U.S. at 643, and are to be reserved for comparable cases.").

*SBRMCOA, LLC v. Sakowitz, et al.*
Civil No. 12-33
Page 2

Court declines to elevate form over substance and will deny the motion

to strike.

    Accordingly, it is hereby

    ORDERED that plaintiff's motion for default is DENIED; and it

is further

    ORDERED that plaintiff's motion to strike is DENIED.


**Dated:** September 7, 2012         S\_____
                                        **RUTH MILLER**
                                        United States Magistrate Judge